**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Rossy Estephany Polanco Estrella, Juana Ramos Cabrera, Jocelyn Rodriguez Pena on behalf of themselves and all other persons similarly situated,<br><br>             Plaintiffs,<br><br>        - vs. –<br><br>Hollywood Management LLC, Mike Doe and Prince Doe,<br><br>             Defendants. | DOCKET NO. _____<br><br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

        Plaintiffs Rossy Estephany Polanco Estrella, Juana Ramos

Cabrera, and Jocelyn Rodriguez Pena, by and through their

undersigned attorneys, for their complaint against defendants

Hollywood Management LLC, Mike Doe, and Prince Doe, allege as

follows, on behalf of themselves and on behalf of all other

persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Rossy Estephany Polanco Estrella, Juana Ramos Cabrera, and Jocelyn Rodriguez Pena, on behalf of themselves and all other persons similarly situated, current and former employees of defendants Hollywood Management LLC, Mike Doe and Prince Doe, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for the defendants' illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (v)

liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Rossy Estephany Polanco Estrella is an adult individual residing in Lindenhurst, New York.

4.   Plaintiff Juana Ramos Cabrera is an adult individual residing in the Copiague, New York.

5.   Plaintiff Jocelyn Rodriguez Pena is an adult individual residing in the Copiague, New York.

6.   Ms. Polanco Estrella consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

7.   Ms. Ramos Cabrera consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

8.   Ms. Rodriguez Pena consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

9.   Defendant Hollywood Management LLC, is a domestic limited liability company organized under the laws of the State of New York (hereinafter also referred to as "Hollywood Mgmt") with a registered business address at 42 Tulip Lane, Williston Park, New York, 11596.

10. At all relevant times, defendant Hollywood Management LLC, was an employer engaged in interstate

3

commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all relevant times, defendant Hollywood Management LLC, has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief, at all relevant times, defendant Hollywood Management LLC, has had gross revenues in excess of $500,000.00.

13. Upon information and belief, at all relevant times herein, defendant Hollywood Management LLC, has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

14. Defendant Mike Doe is an owner or part owner and principal of Hollywood Mgmt, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15. At all relevant times, Defendant Mike Doe was involved in the day-to-day operations of Hollywood Mgmt and played an active role in managing the business.

16. Defendant Prince Doe is an owner or part owner and principal of Hollywood Mgmt, who has the power to hire and

4

fire employees, set wages and schedules, and maintain their records.

17. At all relevant times, Defendant Prince Doe was involved in the day-to-day operations of Hollywood Mgmt and played an active role in managing the business.

18. Defendants each constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by the defendants in the United States at any time since July 27, 2019, to the entry of judgment in

this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

22. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

23. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

24. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

25. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

26. At all relevant times herein, the defendants owned and operated the Hollywood Motel, a motel located at 400 Route 109, Farmingdale, New York 11735.

27.   Plaintiff Rossy Estephany Polanco Estrella was employed by Hollywood Mgmt from approximately March 2020 until December 25th, 2021.

28.   Ms. Polanco Estrella was employed as a maid.

29.   Ms. Polanco Estrella's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

30.   At all relevant times herein, Ms. Polanco Estrella was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31.   From March until October 2021, Ms. Polanco Estrella worked a regular schedule of seven days per week as follows: from 8:00 a.m. until 12 a.m. on Monday; 4:00 p.m. until 12:00 a.m. on Tuesday, Wednesday, and Thursday, 5:00 pm. until 2:00 a.m. on Friday and Saturday, and 4:00 p.m. until 11:00 p.m. on Sunday.

32.   Ms. Polanco Estrella had one 30-minute break each day, with an additional 30-minute break on Mondays.

33.   As a result, she was working approximately 61 hours per week during that period of her employment by the defendants.

34.   From October through December 2021, Ms. Polanco Estrella worked a regular schedule of six days per week as follows: 4:00 p.m. until 12:00 a.m. on Tuesday, Wednesday, and Thursday; 5:00 pm. until 2:00 a.m. on Friday and Saturday; and 4:00 p.m. until 11:00 a.m. on Sunday, with Monday off.

35.   Ms. Polanco Estrella had one 30-minute break each day during this period of her employment.

36.   As a result, she was working approximately 46 hours per week during that period of her employment by the defendants.

37.   Ms. Polanco Estrella was paid at the rate of $13 per hour from the beginning of her employment until January 2021.

38.   In January 2021 Ms. Polanco Estrella's hourly rate of pay was increased to $14.

39.   Ms. Estrella was paid weekly, in cash, until August 2021.  After that she was paid by check for the first forty hours each week, and in cash, at straight time rate, for any overtime hours she worked.

40.   Plaintiff Juana Ramos Cabrera was employed by Hollywood Mgmt from approximately August 2017 through December 25, 2021.

41.   Ms. Ramos Cabrera was employed as a maid.

42.  Ms. Ramos Cabrera's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

43.  At all relevant times herein, Ms. Ramos Cabrera was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

44.  From the beginning of her employment by Defendants until April 2020, Ms. Ramos Cabrera worked a regular schedule of six days per week as follows: from 6:00 a.m. to 12:00 p.m. Monday through Friday; and 8:00 a.m. until 5:00 p.m. on Sunday, with one 30-minute break per day, and with Saturday off.

45.  As a result, she was working approximately 39 hours per week during this period of her employment by Defendants.

46.  From April 2020 until the end of her employment by Defendants, Ms. Cabrera worked a regular schedule of seven days per week as follows: from 6:00 a.m. to 12:00 p.m. on Monday, Tuesday, Wednesday, and Thursday; 4:00 p.m. until 1:00 a.m. Friday, 5:00 p.m. until 2:00 a.m. on Saturday, and 8:00 a.m. until 4:00 p.m. on Sunday, with one 30-minute break per day.

47.  As a result, she was working approximately 47.5 hours per week during this period of her employment by Defendants.

48.  Ms. Cabrera was paid weekly by check for the first 40 hours, and in cash for overtime hours, all at the rate of $13 per hour throughout her employment by Defendants.

49.  Plaintiff Jocelyn Rodriguez Pena was employed by Hollywood Mgmt from approximately February 2021 October 1st, 2021.

50.  Ms. Rodriguez Pena was employed by the defendants as a maid.

51.  Ms. Rodriguez Pena's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/does not involve executive or administrative responsibilities.

52.  At all relevant times herein, Ms. Rodriguez Pena was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

53.  During her employment by the defendants, Ms. Rodriguez Pena has worked a regular schedule, alternating five to six days per week as follows:  Tuesday through Thursday, 4 p.m. until 12 a.m.; Friday 4 p.m. until 1 a.m., Saturday 4 p.m. until 2 a.m., and Sunday 4 p.m. until 11 p.m.,

with Monday off.   When Mr. Rodriguez worked five days per week she also had Tuesday off.

54.   As a result, she was working 42 hours per week when she worked a five-day workweek, and 50 hours per week when she worked a six-day workweek during her employment by Defendants.

55.   Ms. Pena has been paid weekly in cash, at the rate of $14 per hour, throughout her employment by Defendants.

56.   As a result, at relevant times, Plaintiffs' effective rates of pay were each below the applicable statutory New York City minimum wage in effect.

57.   Defendants' failure to pay each Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

58.   Plaintiffs have each been paid in cash at some or all relevant times throughout their employment by the defendants, and did not paystubs with their cash pay.

59.   In addition, the defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

60.  Defendants' failure to pay each Plaintiff the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

61.  Defendants also failed to pay Plaintiffs an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

62.  Defendants failed to provide each Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

63.  Defendants failed to provide each plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

64.  Upon information and belief, throughout both periods of each plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the "Collective Action Members") in positions at defendants' restaurant that required little

skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

65. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

66. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

67. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

68. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

69. Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed

to maintain accurate and sufficient time records or provide accurate records to employees.

70.   Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

71.   Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

72.   At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.   Defendants willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

74.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good

faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75.  Due  to  the  defendants'  New  York  Labor  Law violations, Plaintiffs and the Collective Action Members are entitled  to  recover  from  defendants  their  unpaid compensation,  liquidated  damages,  interest,  reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

76.  Plaintiffs,  on  behalf  of  themselves  and  all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

77.  At  all  relevant  times,  the  defendants  employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

78.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

79.  As  a  result  of  defendants'  willful  failure  to compensate  their  employees,  including  Plaintiffs  and  the Collective Action Members, at a rate at least one-and-one-

half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

80.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

81.  Due to the defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

82.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83.  At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84.   Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

85.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

86.   Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

87.   Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

88.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

89.   Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

90.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

91.   Due to Defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

92.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

93.  At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

94.  Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

95.  Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

96.  Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of their employment by the defendants, up to the maximum statutory damages.

97. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from the defendants statutory damages of $50 per day for each day of their employment by the defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h. Liquidated damages for the defendants' New York Labor Law violations;

i. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: July 25, 2022

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*